JENKINS et al., Appellants,

v.

ROGER C. PERRY & CO., Appellee.

MOSES et al., Appellants,

v.

ROGER C. PERRY & CO., Appellee.

[Cite as *Jenkins v. Roger C. Perry & Co.* (1992), 83 Ohio App.3d 234.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP–634 and 92AP–635.

Decided Dec. 10, 1992.

*Ambrose Moses III*, for appellants.

*Bricker & Eckler, Sally W. Bloomfield* and *Mary W. Christensen*, for appellant Watermaster of Columbus, Inc.

*Musser & Long* and *Richard S. Long*, for appellee.

DESHLER, Judge.

The appellants, Dixon F. Jenkins, Jamie Jenkins, Ambrose Moses and Tammy Moses, appeal a judgment of the Franklin County Municipal Court releasing escrowed rents after appellants had claimed the appellee ("landlord") had failed to fulfill obligations pursuant to R.C. 5321.04.

The appellants are tenants at an apartment complex owned by appellee, Roger C. Perry & Co. Each appellant signed a lease which included subsection 17 regarding payment of utility charges. Subsection 17 reads as follows:

"UTILITIES. Tenant agrees to pay all charges and bills incurred for water, gas, electricity, and telephone, which may be assessed or charged against the Tenant or Owner for the premises during the term of this Rental Agreement or any continuation thereof."

The appellants are not supplied running water through a direct connection with the city's division of water and the city's division of water does not bill appellants for water service to their respective dwelling units. Appellants are billed for water usage on a monthly basis by a privately owned company, Watermaster of Columbus, Inc. ("Watermaster"), which has installed a sub-metering system on the premises. The appellee requires the tenants to pay Watermaster for water and sewage charges with their rent. The city's division of water has informed appellants that it does not directly bill the appellants because their dwelling units are not directly connected to the public water utility. There is a main feeder line which is billed to the property owner on a quarterly basis. The appellants do not claim they are being overcharged for water by either appellee or Watermaster.

The appellants have asserted the following four assignments of error on appeal:

"I. The trial court erred by failing to interpret and find that the term 'supply' as it is used in R.C. 5321.04(A)(6), means to bear the economic burden of providing running water service to a dwelling unit.

"II. Trial Court erred in releasing rent from escrow where the landlord has failed to meet the obligations imposed upon it by R.C. sec. 5321.04(A)(6).

"III. The trial court erred by allowing the landlord to modify its legal obligations through lease provisions in violation of R.C. sec. 5321.13.

"IV. The trial court erred by failing to provide a definition of the term 'supply' as it is used in R.C. sec. 5321.04(A)(6)."

Since all of the assignments of error center on the interpretation of R.C. 5321.04(A)(6), the assignments of error will be considered together. Appellants concede in their brief that the interpretation of R.C. 5321.04(A)(6) resolves the question before the court. R.C. 5321.04(A)(6) states:

"(A) A landlord who is a party to a rental agreement shall do all of the following:

" * * *

"(6) Supply running water, reasonable amounts of hot water and reasonable heat at all times, except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant and supplied by a direct public utility connection[.]"

The appellants contend this provision of statutory law imposes upon a landlord not only the duty of supplying water to the premises, but the obligation to pay the costs of such service for the benefit of a tenant. Appellants rely principally on *Griffin v. Holston* (Dec. 16, 1983), Lucas App. No. L–83–261, unreported, 1983 WL 2328, in support of their position. While the court in *Griffin*, by way of dicta, did find that the term "supply" meant to pay for utility charges, the facts in *Griffin* involved an uninhabitable dwelling, thus distinguishing it from the facts in this case. Appellee relies on *Hodgson v. Hodgson* (Sept. 7, 1990), Lake App. No. 89–L–14–074, unreported, 1990 WL 128267, where the court was confronted with a factual circumstance similar to the case *sub judice*. In *Hodgson*, the court stated in reference to R.C. 5321.04(A)(4) and (A)(6):

" * * * Subsection (A)(4) sets forth the mechanics of a rental unit which a landlord must provide, and subsection (A)(6) states the resultant service which must be provided by the landlord. Subsection (A)(6) does not require payment for the water by the landlord."

And more significantly as it relates to the instant case, where the parties had agreed, by lease provision, that tenants would pay for water, the court in *Hodgson* stated: "A rental agreement requiring a tenant to pay for running water is, therefore, not barred by R.C. 5321.13." The appellants complain that the court in *Hodgson* failed to realize how the obligations imposed by R.C. 5321.04 fit into the "big picture" of Ohio landlord-tenant law. While the appellants do not provide any specific insight as to the "big picture," it is clear that statutory landlord-tenant law in this state does not preclude historic notions of basic contract law wherein parties are free to bargain concerning rights and duties relating to payment of utility costs, including water.

While the legislature has imposed a specific statutory duty on landlords who have entered into lease agreements, *e.g.* R.C. 5321.04(A)(6), there is no resultant abrogation of rights of parties to leasehold agreements regarding the obligations for payment for water to be used on the premises. Thus, we conclude that the word "supply" in R.C. 5321.04(A)(6) means to provide water or make it available in the physical sense and without the added burden of paying for such service.

The question of who pays for water used at a leasehold premise is a matter of contract between the landlord and the tenant.

Appellants claim that the obligation of the landlord to supply water cannot be modified by contract. The appellants call our attention to R.C. 5321.13, wherein it is stated:

"(A) No provision of this Chapter may be modified or waived by any oral or written agreement except as provided in division (F) of this section.

" * * *

"(D) No agreement by a tenant to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or its related costs shall be recognized in any rental agreement or in any other agreement between a landlord and tenant."

Appellants additionally argue that permitting contract law and lease agreements to burden the tenant with paying for the water results in a shifting of the economic burden from the landlord to the tenant. The appellants are correct that a landlord cannot shift the basic burdens enumerated in the statute by contract. However, the obligation the appellants speak of, the payment or cost for water, is not something that is forbidden from being placed upon the tenant by agreement. The landlord must meet its statutory duty by facilitating or making available and thus "supplying" water to the premises, but nothing in the statutes commands that a landlord, in the absence of agreement, must pay for the water used at the leased premises.

By journal entry filed July 20, 1992, this court granted the motion of Watermaster and the Columbus Apartment Association to file a brief *amici curiae*. The brief of Watermaster and the Columbus Apartment Association sets forth arguments in support of the position of appellee. The brief of *amici* is illuminating regarding the economic policy factors that affect serious consideration of the issues in this case. While we understand the arguments of *amici* regarding the potential negative impact upon water conservation and the negative impact upon the affordability of housing if we adopted appellants' position, these considerations are not required to reach the conclusion that R.C. 5321.04(A)(6) does not prevent the costs of water service from being a part of a lease agreement that could, depending upon the negotiations of the parties, result in the tenant paying for water service. The mandate of R.C. 5321.04 placing various burdens upon landlords is directed to requiring basic utilities in habitable rental units. As stated, such statutes do not otherwise mandate that landlords pay for such services to tenants unless such obligations are created through contract. Thus, we have rejected appellants' contention that the statute, R.C. 5321.04(A)(6), shifts an economic burden upon a landlord to provide water to a rental unit at the landlord's expense.

Based upon the foregoing, we conclude that the trial court's interpretation of the subject statute was correct and was properly applied to the facts herein. Accordingly, the appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC, and BOWMAN, JJ., concur.